UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSE L. VAZQUEZ-ROJAS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 12-2003 (JAF)

(Crim. No. 09-405-03)

**OPINION AND ORDER**

Petitioner, José Vázquez-Rojas petitions for relief from sentencing, alleging that the sentence imposed violated his rights under federal law under 28 U.S.C. § 2255. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 09-405-0AH BUENO3. (Docket No. 1.)

**I.**

**Background**

On March 30, 2012, Vázquez-Rojas pled guilty to Counts One and Four of a Superseding Indictment. (Crim. Docket No. 135.) The guilty plea was entered pursuant to a plea agreement, under the provisions of Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. Id. Count One charged possession with intent to distribute narcotics. (Crim. Docket No. 135.) Count Four charged possession and carrying of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. §924(c)(1)(A), under an aiding and abetting theory. Id. We sentenced Petitioner to a term of imprisonment of seventy-eight months as to Count One, and a consecutive term of imprisonment of ninety-six months as to Count Four. (Docket No. 255.) Petitioner appealed and the First Circuit

Court of Appeals affirmed his sentence. United States v. Vázquez-Rojas, Appeal No. 12-1270 (1st Cir. March 23, 2012). On December 10, 2012, he filed this petition, asserting two grounds of relief related to the plea agreement he accepted. (Docket No. 1.) The government opposed. (Docket No. 6.)

## II.

## Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless she can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## Discussion

Petitioner claims he had no communication with counsel, that counsel failed to present proper arguments on his behalf, and that at sentencing we applied a sentence above the statutory maximum. (Docket No. 1 at 10.) These claims lack merit.

Petitioner's claim regarding his communication with counsel is belied by his own statements at sentencing. The record shows that Petitioner acknowledged that he discussed his decision to plead guilty with counsel and was satisfied with his lawyer's work:

> THE COURT: Have you had ample time to discuss this case and your decision to plead with your lawyer?
>
> DEFENDANT VAZQUEZ: Yes.
>
> THE COURT: Are you satisfied with the work that your lawyer's doing for you?
>
> DEFENDANT VAZQUEZ: Yes.

(Crim. Docket No. 283 at 6.) A defendant's "declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, we reject Petitioner's claims that his counsel failed to communicate with him.

Petitioner has previously raised on appeal his claim that we applied a sentence above the statutory maximum. United States v. Vázquez-Rojas, Appeal No. 12-1270 (1st Cir. March 23, 2012). On appeal, the First Circuit held that "The appellant's contention that his sentence on the charge under 18 U.S.C. §924(c)(1) exceeded the statutory maximum sentence is foreclosed by our recent opinion in United States v. Ortiz-Garcia, 665 F.3d 279, 285 (1st Cir. 2011) ("Today, to avoid uncertainty in this circuit, we join all of our sister circuits in finding that the maximum penalty under 18 U.S.C. §924(c)(1)(A) is life imprisonment.") (citations omitted). United States v. Fernandez-Cabrera, 625 F.3d 48, 53 (1st Cir. 2010). *Affirmed.* See 1st Cir. R.27.0(c)."

The First Circuit has held that when an issue has been disposed of on direct appeal, it is not subject to review again through a § 2255 motion. Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (citing Dirring v. United States, 370 F.2d 862, 863 (1st Cir. 1967)). Petitioner has raised no equitable considerations that would warrant our consideration.

Moreover, the record indicates that Petitioner understood that the court was not bound by the sentencing recommendations:

> THE COURT: Let's talk about the penalties for the commission of this kind of offence. The statutory penalty for the commission of the drug offence that appears in Count I is a statutory mandatory minimum term of imprisonment of ten years, a maximum of life imprisonment. But because of the stipulation that you entered into, the statutory minimum is reduced to five years and the maximum is 40 years, and the maximum fine is two million dollars. Do you understand that?
>
> DEFENDANT VAZQUEZ: Yes. ...
>
> THE COURT: If the sentence that you receive is more severe than you expect, that by itself will not allow you to withdraw your plea. Is that understood? ....
>
> DEFENDANT VAZQUEZ: Yes.
>
> THE COURT: If a sentence recommendation is given to the Court, the Court will consider it, but the Court doesn't have to follow it. Is that understood? ...
>
> DEFENDANT VAZQUEZ: Yes.

(Docket No. 283 at 12-3.) "We can well understand that petitioner does not enjoy [her] incarceration. However, a § 2255 proceeding is a collateral remedy available to a petitioner only when some basic fundamental right is denied, and not as routine review at the behest of a defendant who is dissatisfied with his sentence." Dirring, 370 F.2d at 865. Petitioner has made no argument that would indicate that his rights have been denied.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong.  Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of August, 2013.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE